UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Malibu Media, LLC | ) | CASE NO. 1:15 CV 1342 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| John Doe Subscriber Assigned | ) | |
| IP Address 76.190.140.193, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Quash Subpoena to Third-Party Time Warner Cable (Doc. 10). This case arises under the United States Copyright Act. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff Malibu Media, LLC, copyright owner of a number of adult motion pictures, filed this action against defendant claiming that defendant used a file distribution network to illegally copy and distribute complete copies of defendant's copyrighted works. When plaintiff filed this action on July 3, 2015, it did not know defendant's identity. Instead, it knew defendant only by

1

the internet protocol ("IP") address defendant's internet service provider ("ISP") assigned him or her. This Court allowed plaintiff to serve a Rule 45 subpoena on Time Warner Cable, defendant's ISP, that would require Time Warner to identify the name and address of the individual assigned the IP address identified in the complaint. Defendant now moves to quash the subpoena, and plaintiff opposes.

## ANALYSIS

According to Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that does not allow a reasonable time to comply, requires compliance beyond specific geographical limits, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The court may also consider "whether (i) the subpoena was issued primarily for the purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case.'" *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *2 (N.D. Ohio Feb.13, 2008) (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir.2003) (citing cases)). The moving party bears the burden of showing that the subpoena violates Rule 45. *Id.* at *3.

Defendant argues that the Court should quash the subpoena to Time Warner because the subpoena would only reveal the identity and contact information of the subscriber associated with the IP address listed in the complaint, not necessarily the identity of the actual infringer. Defendant also asserts that compliance with the subpoena would present an undue burden because plaintiff is primarily seeking defendant's identity for the purpose of harassment and to extract a settlement rather than risk being publicly named in a lawsuit involving pornography.

Defendant has not shown that the subpoena to Time Warner should be quashed. The scope of a subpoena is "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Cawley v. Eastman Outdoors, Inc.*, 2014 WL 4656381, at *2 (N.D. Ohio Sept. 16, 2014) (citations omitted). Under Rule 26, information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Here, in its complaint, plaintiff has already proffered evidence that its investigator established a direct connection with defendant's IP address and determined that a user at defendant's IP address downloaded, copied, and distributed more than 60 complete copies of plaintiff's movies without authorization. Even if the subscriber is not the actual copyright infringer, the subscriber's identity meets the broad scope of discovery in Rule 26 because it is reasonably calculated to lead to the discovery of the actual infringer. *See, e.g., Malibu Media, LLC v. Doe subscriber assigned IP address 71.238.55.56*, 2015 WL 1886210, at *3 (E.D. Mich. April 24, 2015) (denying motion to quash subpoena to ISP provider because the subscriber's identity is relevant); *Malibu Media, LLC v. Doe subscriber assigned IP address 65.25.29.69*, 14-CV-2744, at 4 (N.D. Ohio March 23, 2015) ("At the very least, having John Doe's name and contact information will allow Plaintiff to investigate its copyright claims and determine who exactly should be named as the defendant in this case.").

As to defendant's argument that the subpoena would pose an undue burden, plaintiff argues that defendant has no standing to challenge the subpoena issued to third-party Time Warner. Ordinarily, a party has no standing to oppose a subpoena issued to a non-party unless the party can demonstrate a claim of privilege or personal right in the documents sought. *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002); *Mann v. Univ. of*

*Cincinnati*, 1997 WL 280188, \*4 (6th Cir.1997) (per curiam). Some courts have found that accused copyright infringers in defendant's position have standing to object to a subpoena because they have "at least a minimal *privacy interest* in the information requested by the subpoena." *Malibu Media, LLC v. Doe subscriber assigned IP address 65.25.29.69*, 14-CV-2744, at 4 (citing cases) (emphasis added). But defendant has cited no case that has found standing on the basis of *undue burden*, and many cases have found to the contrary.[1] *Malibu Media, LLC v. John does 1-6*, 291 F.R.D. 191 (N.D. Ill. 2013) (citing cases); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2001) ("The subpoenas served on the Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden; if anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."). Because defendant is not the one required to respond to the subpoena, the Court finds that defendant cannot show undue burden and therefore has no standing to quash the subpoena on this basis.

To the extent that defendant's second argument is based on a *privacy interest* in the information sought, however, the Court finds that he or she does have standing to challenge the subpoena. Defendant has only a minimal privacy interest in the information requested by the subpoena because defendant has already shared his or her identity with Timer Warner, yet this

---

[1] Defendant maintains that plaintiff and its counsel violated Model Rule of Professional Conduct 3.3 (Candor Toward the Tribunal) in not citing *Malibu Media, LLC v. Doe subscriber assigned IP address 65.25.29.69*, 14-CV-2744, and in stating that they had no knowledge of any court that had found standing on the basis of undue burden. But *Malibu Media v. Doe subscriber assigned IP address 65.25.29.69* and the cases cited therein found standing because the defendant had a privacy interest in the information sought, not because complying with the subpoena posed an undue burden to the defendant. Thus, the Court finds that plaintiff and its counsel did not violate Rule 3.3.

interest is sufficient for purposes of standing. *See, e.g., Malibu Media, LLC v. Doe subscriber assigned IP address 65.25.29.69*, 14-CV-2744, at 4 (quoting *Third Degree Films, Inc. V. Does 1- 108*, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) ("Although this interest is 'exceedingly small,' it constitutes *some* personal right or privilege' in the information sought, thus giving John Doe standing to seek to quash the subpoena.").

Defendant argues that once plaintiff knows his or her identity, it will use the information to harass, embarrass, and coerce him or her into settling the case. Judges regularly complain that plaintiff: (1) has no interest in actually pursuing its legal claims but instead is using the court system to coerce settlement from potential defendants in lieu of being named in a lawsuit involving pornography; (2) ignores court orders designed to protect the privacy of defendants; and (3) engages in abusive tactics with the purpose of intimidating defendants into an early settlement. *See, e.g., Malibu Media, LLC v. Ryan Ramsey*, Order to Show Cause, ECF Doc. No. 15, No. 14–cv–718 (S.D. Ohio May 26, 2015) (surveying plaintiff's coercive litigation tactics); *Malibu Media, LLC v. Doe subscriber assigned IP address 66.108.67.10*, 2015 WL 4092417 (S.D.N.Y. July 6, 2015).

Plaintiff's past tactics place courts in a difficult position: granting the motion to quash effectively prevents plaintiff from pursuing what appears to be a legitimate copyright infringement claim because plaintiff could not serve defendant, but denying the motion raises the possibility that plaintiff will engage in the same gamesmanship that judges have complained of in previous litigation. Here, given the large number of complete movies that defendant is alleged to have copied and distributed over an almost two-year period, the Court finds that defendant's minimal privacy interest in the information plaintiff seeks is outweighed by plaintiff's right to

use the judicial process to pursue its copyright infringement claim. In addition, plaintiff has already agreed to allow defendant to proceed anonymously, which alleviates plaintiff's concerns.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Quash Subpoena to Third-Party Time Warner Cable (Doc. 10) is DENIED.

IT IS SO ORDERED.

                                               /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 11/5/15